JUSTIN PENN (SBN 302350)
jpenn@hinshawlaw.com
SARA FRANKS (SBN )
sfranks@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399

Attorneys for Defendant
NATIONAL ENTERPRISE SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI DRUM,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WEBBANK, SOLAR MOSAIC LLC, NATIONAL RECOVERY SOLUTIONS LLC, NATIONAL ENTERPRISE SYSTEMS, INC. AND DOES 1-50,<br><br>　　　　Defendants. | Case No.  1:26-at-2876<br><br>**DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. 28 U.S.C. §§ 1331, 1441 and 1446] |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant NATIONAL ENTERPRISE SYSTEMS, INC. (hereinafter "NES") hereby gives notice, pursuant to 28 U.S.C. § 1331, and 28 U.S.C. §§ 1441 and 1446, that the case captioned *Vicki Drum v. WebBank, et al.*, Case No. 26CUB01682, is being removed from the Kern County, California, Superior Court to the United States District Court for the Eastern District of California.  In support of this Notice, NES states:

/ / /

1

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1702\331018490.v1

1.  On or about June 3, 2026, Plaintiff VICKI DRUM (hereinafter "Plaintiff"), filed this action in the Kern County, California, Superior Court under the caption *Vicki Drum v. WebBank, et al.*, Case No. 26CUB01682.

2.  Upon information and belief, Plaintiff served NES with her First Amended Complaint on June 22, 2026.  A copy of the First Amended Complaint is attached hereto as **Exhibit 1**.  NES has not yet been able to obtain the complete set of filings form the State Court, but will file and supply them to this Court as soon as it received copies of those filings.  A copy of the Court docket, is attached hereto as Composite **Exhibit 2**.

3.  The First Amended Complaint asserts a federal law claim against NES for alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and multiple other claims under both federal and state law.

4.  This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the First Amended Complaint upon NES.  28 U.S.C. § 1446(b).

5.  This action is a civil action and is one over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331, and is an action that can be removed to this District Court pursuant to 28 U.S.C. § 1441, because Plaintiff has alleged violations of the FDCPA, economic losses, credit impairment, and other injuries.  This Court has supplemental jurisdiction over Plaintiff's other state law claims against NES that form part of the same case or controversy pursuant to 28 U.S.C. § 1367.  *See* 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Plaintiff's other claims against NES arise out of a common nucleus of operative facts with Plaintiff's FDCPA claim.  Therefore,

/ / /

2

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

NOTICE OF REMOVAL
Case No.
1702\331018490.v1

Plaintiff's FDCPA and other claims form part of the same case and controversy and this Court has supplemental jurisdiction over the other claims against NES.

6. In the Complaint, Plaintiff alleges that NES was acting as a debt collector in attempting to collect a debt from Plaintiff.

7. Plaintiff claims NES violated multiple provisions within §§ 1692e and 1692f of the FDCPA in its attempted collection of Plaintiff's debt. Plaintiff seeks recovery of, *inter alia*, actual damages, general damages, punitive damages, statutory damages, injunctive relief, and costs and reasonable attorneys' fees under the FDCPA and California state law.

8. Plaintiff's First Amended Complaint invokes federal question jurisdiction because the allegations involve claims under the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

9. Pursuant to 28 U.S.C. § 1441(c)

(1) If a civil action includes--

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district Court shall sever from the action all claims described in paragraph (1)(B) and shall Remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

10. Promptly after the filing of this Notice of Removal, NES will file a notice of filing notice of removal with the Clerk of the Kern County, California, Superior

/ / /

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

NOTICE OF REMOVAL
Case No.
1702\331018490.v1

Court, as required by 28 U.S.C. § 1446. Written notice of the filing of this notice of removal is also being served upon counsel for the Plaintiff.

11.    Prior to the filing of this Notice of Removal, NES obtained the consent of Defendants WEBBANK, SOLAR MOSAIC LLC, and NATIONAL RECOVERY SOLUTIONS LLC to the removal of this action to this District Court.

12.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of NES' rights to assert any defense or affirmative matter.

WHEREFORE, NES respectfully requests that this case proceed in this Court as an action properly removed to it.

DATED:  July 21, 2026                    HINSHAW & CULBERTSON LLP


                                 By:    */s/ Justin Penn*
                                        JUSTIN PENN
                                        SARA FRANKS
                                        Attorneys for Defendant
                                        NATIONAL ENTERPRISE
                                        SYSTEMS, INC.

NOTICE OF REMOVAL
Case No.

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1702\331018490.v1

# EXHIBIT "1"

William E. Kennedy    Bar No. 158214
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 203
Santa Clara, California 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
Email: wkennedy@kennedyconsumerlaw.com

Natasha E. Blazer    Bar No. 348122
HOUSING AND ECONOMICS RIGHTS ADVOCATES
P.O. Box 29435
Oakland, CA 94604-9435
Telephone: (510) 271-8443
Facsimile: (510) 868-4521
Email: nblazer@heraca.org

Attorneys for Plaintiff Vicki Drum

ELECTRONICALLY FILED
Superior Court of California,
County of Kern
By: Julia Barrera
Deputy Clerk
06/3/26 4:35 PM

## SUPERIOR COURT OF CALIFORNIA, KERN COUNTY

### UNLIMITED JURISDICTION

| | |
|---|---|
| Vicki Drum, <br><br> Plaintiff, <br><br> v. <br><br> WebBank, Solar Mosaic LLC, National Recovery Solutions LLC, National Enterprise Systems, Inc., and Does 1-50 <br><br> Defendants. | Case No. 26CUB01682 <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1) **Violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692, *et seq.*);** <br> 2) **Violations of the Rosenthal Fair Debt Collection Practices Act (Civil Code §§ 1788, *et seq.*);** <br> 3) **Violations of the Consumer Legal Remedies Act (Civil Code §§ 1750, *et seq.*);** <br> 4) **Violations of the Elder Abuse and Dependent Adult Civil Protection Act (Welfare and Institutions Code §§ 15610.07 *et seq.*);** <br> 5) **Violations of the Home Solicitation Sales Act (Civil Code §§ 1689.5, *et seq.*);** <br> 6) **Violation of the California Consumer Credit Reporting Agencies Act (Civil Code § 1785.25(a));** <br> 7) **Violation of the Fair Debt Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*)** <br> 8) **Violations of the Unfair Competition Law (Business and Professions Code §§ 17200, *et seq.*)** <br> 9) **Fraud** |

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                           1

## INTRODUCTION

1.      Plaintiff Vicki Drum brings this action against Defendants WebBank, Solar Mosaic LLC, National Recovery Solutions LLC, National Enterprise Systems, Inc. (collectively, "Defendants") for their perpetration of a predatory sales and unlawful debt collection scheme. Defendants WebBank and Solar Mosaic offer loans that finance home improvement projects. Solar Mosaic also brokers and services these home improvement loans, and National Recovery Solutions and National Enterprise Systems are third-party debt collectors demanding payment on home improvement loans.

2.      Defendants preyed on the elderly Plaintiff at her home by entering her into a fraudulent home improvement financing scam and signing Plaintiff up for two burdensome home improvement loans. One of these loans remains outstanding. The outstanding loan was financed by WebBank, brokered by Solar Mosaic, and is now being collected by National Recovery Solutions and National Enterprise Systems.

3.      Plaintiff disputed the validity of the debt, rescinded the loan agreement, and cancelled the loan it its entirety. Defendants have continued to seek collection on the loan despite it being fraudulent, lawfully cancelled, and subsequently paid off by the contractors involved in the transaction.

4.      Defendants' past and ongoing collection efforts on this alleged debt are unlawful.

## JURISDICTION AND VENUE

5.      Kern County is the appropriate venue for this matter because a substantial part of the events or omissions giving rise to the claim occurred in Kern County.  Plaintiff resides in Kern County and was solicited in her home with respect to the alleged loan which is the subject of this lawsuit.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                 2

6.    This Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of California, Mosaic and WebBank are qualified to do business in California, and all Defendants regularly conduct business in California. Furthermore, the acts and omissions complained of herein occurred in California.

**PARTIES**

7.    Plaintiff Vicki Drum ("Ms. Drum") is an individual and at all relevant times herein was a resident of Kern County in the State of California.

8.    Defendant WebBank is a state-chartered bank headquartered in Salt Lake City, Utah. It claims to be a leading player in the digital lending and fintech arena, specifically partnering with other entities, such as Solar Mosaic LLC and home improvement contractors, to sell, broker, and enter consumers into its loans. WebBank offers a variety of consumer loans, including financing for home improvement projects.

9.    Defendant Solar Mosaic LLC ("Mosaic") is a company based in Oakland, California that specializes in financing solar panels and other similar items. In the past few years, Mosaic has expanded its loans to cover all kinds of home improvements such as roof work, HVAC, water heaters, and accessory dwelling units ("ADUs"). Mosaic also has transitioned from financing loans to brokering and servicing the loans. For example, Mosaic sells loans financed by WebBank to consumers and subsequently acts as a debt collector on WebBank's behalf.

10.    National Recovery Solutions LLC ("NRS") is a nationwide debt collecting service company based in Lockport, New York. NRS's primary business is the collection of consumer debt.

11.    National Enterprise Systems, Inc. ("NES") is a national debt collection agency based in Solon, Ohio. NRS's primary business is the collection of consumer debt.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          3

12.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50, and therefore sues these Defendants by such fictitious names. Plaintiff will amend the complaint to state their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the named Defendants is responsible in some manner for the occurrences and damages alleged herein. Plaintiff is further informed and believes and thereon alleges that each of the Defendants was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

13.     Plaintiff is informed and believes that all Defendants regularly engage in collection activities for consumer debts and report information concerning holders of consumer debt to credit reporting agencies as part of their normal business practices.

14.     At all times mentioned herein, each Defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The Defendants are jointly and severally liable to Plaintiff.

**BACKGROUND REGARDING HOME IMPROVEMENT**

**FINANCING SCAMS AND DEBT COLLECTION**

15.     Defendants WebBank and Mosaic are in the business of defrauding low-income consumers by financing home improvement contracts with onerous, burdensome loan agreements – often without the consumer's knowledge – for home improvement projects that are never completed or completed with poor workmanship.[1] Defendants NRS and NES then assist in the collection of these fraudulent loans by harassing consumers for payment on a loan they did not know about and/or for payment on a loan covering shoddy or abandoned work.

---

[1] *See* Alana Samuels, *How Easy Lending Can Lead to Fraud*, TIME (May 28, 2024), available at https://time.com/6982203/solar-lending-fraud/ (last visited April 29 2026);

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          4

16.     The home improvement contracting and financing industry has devolved into a sector rampant with abuse, fraud, and deceptive practices disproportionately targeting the elderly and low-income individuals.

17.     In the year 2020 alone, the Federal Trade Commission received over 30,000 fraud complaints related to home improvement and repair scams.[2] In 2022, complaints about home improvement scams rose the second highest complaint category across all consumer agencies nationwide.[3]

18.     The usual home improvement scam begins with a contractor soliciting at the consumer's home, establishing trust and legitimacy, and offering illusory low-cost deals for repairs.[4]

19.     Using the consumer's lack of technology skills to their advantage, the contractor next enters the consumer into financing for the project with a separate lender. More often than not, the contractor conceals the actual terms of the financing – or that financing exists at all – from the consumer. Rarely do the actual terms of the financing arrangement actually align with what the contractor promised the consumer.[5]

20.     The lender commonly pays out the loan proceeds directly to the contractor, often without ever confirming that the contractor completed the promised work.

---

[2] *Home Improvement Scams Trends Report 2022*, INSPECTION REPORT NETWORK, available at https://www.inspectionsupport.com/home-improvement-scams-trends-report-2022/#:~:text=109%2C000%20home%20improvement%20scams%20have,14%20years%2C%20%20%2413.8m%20annually (last visited April 29, 2026) (using figures from the Better Business Bureau's Scam Tracker).
[3] *See Consumer Complaint Survey Report 2022*, CONSUMER FEDERATION OF AMERICA (May 2023), https://consumerfed.org/wp-content/uploads/2023/05/2022-Consumer-Complaint-Survey-Report.pdf
[4] *See, e.g., Home Repair Scam*, CITY OF BERKELEY (Feb. 27, 2026), *https://berkeleyca.gov/community-recreation/news/home-repair-scam*
[5] *See, e.g., CFPB Report Finds Lenders Cramming Markup Fees and Confusing Terms into Solar Energy Loans*, CFPB (Aug. 7, 2024), https://www.consumerfinance.gov/about-us/newsroom/cfpb-report-finds-lenders-cramming-markup-fees-and-confusing-terms-into-solar-energy-loans/.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                    5

21.    Defendants Mosaic and WebBank are not new players in the home improvement financing and scamming arena. In 2023, Mosaic (and their partner bank, WebBank) was identified as one of the largest fintech solar lenders.[6] During the second half of 2023, Mosaic held the title as the most frequently quoted loans for financing solar.[7] Mosaic has received a barrage of complaints from consumers alleging financing fraud and substandard or nonexistent home improvement work.[8]

22.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein the home improvement contractors, including their employees and/or representatives, acted as agents and at the direction of Mosaic and WebBank, who retained the right to control the conduct of Contractors, including by (1) requiring Contractors' sales agents to use specific software, applications, and technology when engaging in transactions with consumers on Mosaic and WebBank's behalf; (2) controlling the financial products Contractors' sales agents could offer, the terms and conditions of the products offered, the method of presentation of the products offered, and the contractual documents that could be utilized; (3) controlling the marketing and sales tactics of Contractors and its sales agents; and (4) retaining the right to discipline Contractors' sales agents for violations of policies and procedures set by Mosaic and WebBank. At all times, Mosaic and WebBank have ratified the conduct of Contractors and its sales agents, including in the instant case.

---

[6] *Solar Financing*, CFPB, August 7, 2024, available at https://www.consumerfinance.gov/data-research/research-reports/issue-spotlight-solar-financing/ (last visited April 29, 2026).
[7] *Solar & Storage Marketplace Report 2023*, ENERGYSAGE INTEL, February 2024, available at https://es-static-prod.s3.amazonaws.com/assets/data/EnergySage_Marketplace-Intel-Report_H12023-H22023.pdf (last visited April 29, 2026).
[8] Sydney Johnson, *California Homeowners Say Oakland Lender Scammed Them Out of $3M in Home Improvements*, KQED, April 30, 2024, available at https://www.kqed.org/news/11984466/california-homeowners-say-oakland-lender-scammed-them-out-of-3m-in-home-improvements (last visited April 28, 2026).

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL               6

23.    Mosaic acted as a facilitator of the loan allegedly entered into by Plaintiff, and WebBank's agent. WebBank's credit products are specifically sold through "Strategic Partner" or "Brand" platforms, and Mosaic is one such partner. WebBank states on its website that "[i]in partnership with Mosaic, WebBank is the lender of Mosaic-branded home improvement installment loans".[9] Plaintiff is informed and believes, and thereon alleges that WebBank allowed Mosaic full discretion to enter into loans on its behalf pursuant to a master contract between the two entities.  WebBank allowed Mosaic not only to enter the loans, but also service the loans.

24.    On June 6, 2025, Mosaic filed bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.[10] On September 5, 2025, the Bankruptcy Court confirmed Mosaic's Joint Plan of Reorganization.

## FACTUAL ALLEGATIONS

25.    Plaintiff Vicki Drum is a 75-year-old woman whose only income consists of social security benefits. Ms. Drum owns her home in Bakersfield, California and has lived there for nearly 20 years. The property is currently home to Ms. Drum, her daughter, and her four grandchildren.

26.    In or around the summer of 2023, Defendants began targeting Ms. Drum to lead her into their predatory financing scheme. Ms. Drum was solicited over the phone and in-person by salespeople, who were acting as agents of Defendants Mosaic and WebBank, offering home improvements. The salespeople repeatedly told Ms. Drum that they offer no-to-low cost home

---

[9] WebBank Brand Partners, WEBBANK, available at https://www.webbank.com/brand-partners (last visited April 30, 2026).

[10] *Mosaic Sustainable Finance Corporation Case No. 25-90156*, KROLL, available at https://cases.ra.kroll.com/MOSAIC/ (last visited April 29, 2026).

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                    7

improvements to low-income homeowners through a government-subsidized program. On several occasions, she was told that they "help poor people fix their homes."

27.   During the solicitation, two men, agents of Defendants, came to her home to assess whether Ms. Drum needed any home improvements and to discuss what assistance she would be eligible for. None of these salespeople who spoke to Ms. Drum discussed the cost, if any, of the home improvements. At no point was Ms. Drum given any disclosures or payment terms to review.

28.   The salespeople sought Ms. Drum's permission, in person and over the phone, to move forward with determining her eligibility for the no-to-low cost government-subsidized program. Ms. Drum allowed the process to proceed, believing that the salespeople would inform her of her eligibility for the program at a later date.

29.   At no point did Ms. Drum consent to financing any home improvement projects, nor did these salespeople ever inform her that she had entered into a financing arrangement. At no point did Defendants and their agents give Ms. Drum written notice, or verbal notice f her five-day right to cancel the transactions under the Home Solicitation Sales Act.

30.   In total, two loans were taken out in Ms. Drum's name without her knowledge or consent. GoodLeap, Inc. financed one of the loans. WebBank financed the other loan, which was brokered and serviced by Mosaic (hereinafter "Loan Agreement" or "Loan"). The Loan Agreement, supposedly lending $55,000 at an interest rate of 14.24 percent, is dated August 8, 2023. The Loan outlines a total payment obligation of over $135,000. Ms. Drum did not discover the loans until later when she began receiving bills.

31.   Pursuant to the FTC Holder Rule, 16 C.F.R. section 433.2, the WebBank Loan Agreement contains the following language:

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL
> CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST
> THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          8

HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER

32.     Two affiliated contracting companies, Build For You Remodeling and Specialty Builders ("Contractors") performed some home improvement work on the property but the work was substandard, incomplete, and ended up causing damage to the home. The Contractors instructed Ms. Drum to falsely confirm that the work on the home was complete in order to request payment from Mosaic and WebBank. Ms. Drum refused and the Contractors proceeded to harass her and her family, showing up at the home repeatedly and demanding that she confirm completion of the work and start making payments. The Contractors threatened her with legal action and a lien, stating that they would take her home if she did not pay.

33.     Mosaic contacted Ms. Drum repeatedly by phone and mail demanding payment. Out of fear, Ms. Drum made several payments to Mosaic totaling approximately $300

34.     Ms. Drum sought legal assistance from Housing and Economic Rights Advocates ("HERA"), a non-profit legal services organization. With HERA's assistance, Ms. Drum mailed demand letters, including a Notice of Cancellation under the Home Solicitation Sales Act and a statutory notice under the Consumer Legal Remedies Act, to all involved parties, including Defendants WebBank and Mosaic.  All notices were mailed by certified mail, return receipt requested and received by Defendants in February 2025.

35.     The Loan Agreement was never properly formed and enforceable because it was fraudulent. However, assuming *in arguendo* that the Loan Agreement ever existed, Ms. Drum lawfully cancelled the Loan Agreement as of February 2025.

36.     Ms. Drum also disputed the shoddy workmanship of the project with the Contractors. The Contractors represented to Ms. Drum that they had only received $16,500 from the proceeds of the Loan, though the projects had been approved for $55,000. The Contractors

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                    9

indicated that only $16,500 was ever released to them since there was a dispute over whether the home improvements were complete.

37.     During Ms. Drum's dispute with the Contractors, they represented to Ms. Drum that they had paid off the Loan financed by WebBank and brokered by Mosaic in full.  The Contractors also represented that they had paid off the Goodleap loan.  GoodLeap confirmed that the loan had been paid off and ceased all collection efforts against Ms. Drum, including deleting the GoodLeap loan from her credit reports and recording a termination of its UCC-1 filings in California Secretary of State and County property records.

38.     Ms. Drum's dispute with the Contractors was resolved when they made a settlement payment to cover certain remedial work to be performed on the home.

39.     Plaintiff is informed and believes, and on that basis alleges, that despite Defendants' ongoing efforts to collect over $55,000 from her, only $16,500 of the Loan at issue was ever funded and/or released on her alleged behalf.

40.     Plaintiff is informed and believes, and on that basis alleges, that the Loan at issue, including the principal of $16,500 and any interest and fees accrued on that balance, has been paid off in full because the contractor returned the funds to WebBank.

41.     Despite the Loan Agreement being cancelled and the unenforceable balance later paid off, Ms. Drum has continued to receive debt collection correspondence from Defendants demanding payment on the Loan.

42.     Despite only $16,500 of the Loan funds being funded and/or released to the Contractors, Ms. Drum has continued to receive debt collection correspondence from Defendants demanding payment of over $55,000.

43.     For example, on May 2, 2025, Defendant NRS sent Ms. Drum a debt collection notice for a debt of $56,869.55 owed to Defendant WebBank.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          10

44.   For example, on January 4, 2026, Defendant NES sent Ms. Drum a debt collection notice attempting to collect a debt of $56,869.55 on behalf of Mosaic on WebBank's account.

45.   Debt collectors called Ms. Drum repeatedly throughout 2025 regarding the alleged outstanding balance on the Loan. Ms. Drum received these calls in at least June, July, August, and October 2025. During these calls, the debt collector demanded payment on a $55,000 debt they claimed Ms. Drum owed. On multiple occasions, the debt collector told Ms. Drum that the loan was on her credit report, that it would continue to be reported, and that she would not be able to access credit until she paid the Loan. Ms. Drum repeatedly told these debt collector callers that she never signed an agreement or took out the Loan.

46.   Ms. Drum has checked her credit reports and found both WebBank and Solar Mosaic listed as delinquent closed accounts on her credit report despite the fact that the Loan was fraudulent, cancelled, and paid off in full.

47.   The reporting of the alleged debt on her credit report has caused Ms. Drum harm. For example, in the summer of 2025, Ms. Drum's refrigerator broke. Bakersfield is extremely hot in the summer and young children live in the home. Ms. Drum visited Best Buy to try to purchase a new fridge. She could not afford to purchase a fridge, so she completed a credit application at Best Buy. Ms. Drum's application for credit was denied. Because the negative credit reporting placed by Defendants was the only account in delinquent status, Plaintiff is informed and believes that Defendants' credit reporting caused Ms. Drum's application to Best Buy to be denied.

48.   On or about October 23, 2025, Ms. Drum wrote to Equifax, TransUnion and Experian, enclosing the February rescission letter, and requested that the account be removed from her record. Ms. Drum also sent this letter to Mosaic and WebBank. However, the accounts were not removed from Ms. Drum's credit reports and still remain.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL               11

49.     Defendants' conduct has caused Ms. Drum and her family severe emotional distress. Ms. Drum suffered extreme stress and anxiety after being scammed, and the Defendants' continued unlawful attempts to collect on a fraudulent debt not lawfully owed has exacerbated her distress. She is constantly upset, frustrated, and angry about her circumstances. She fears that Defendants will take her income, leaving her unable to afford the basic necessities of life. She worries Defendants will take her home away, and her family will be unhoused. Ms. Drum is extremely concerned about her family's wellbeing and the harmful impact that Defendants' conduct has had and continues to have on them. The stress and anxiety have negatively affected her sleep and enjoyment of life.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
**(Violation of the Federal Fair Debt Collection Practices Act ("FDCPA")**
**15 U.S.C. §§ 1692 *et seq*. Against Mosaic, NRS, NES and Does 1-50)**

50.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

51.     Mosaic, NRS, and NES are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6). The Loan allegedly owed by Plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

52.     As alleged herein and set forth in detail above, Mosaic, NRS, and NES made telephone calls and sent out collection notices falsely asserting their right to collect on the Loan and Plaintiff's obligation to make payments on the Loan.

53.     Mosaic, NRS, and NES violated the Federal Fair Debt Collections Act, 15 U.S.C. § 1692 *et seq*. by seeking to collect on a non-existent debt, including, but not limited to:

   a.   15 U.S.C. § 1692e, which prohibits any false, deceptive or misleading representation or means in connection with the collection of any debt;

   b.   15 U.S.C. § 1692e(2)(A), which prohibits misrepresentation of the character, amount, or legal status of the debt;

c.  15 U.S.C. § 1692e(5), which prohibits threats to take any action that cannot legally be taken or that is not intended to be taken;

d.  15 U.S.C. § 1692e(8), which prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

e.  15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt;

f.  15 U.S.C. § 1692f, which prohibits any unfair or unconscionable means to collect or attempt to collect any debt; and

g.  15 U.S.C. § 1692f(1) which prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

54.  Mosaic, NRS, and NES also failed to properly validate the debt upon receiving a validation request from the Plaintiff.

55.  Plaintiff has suffered actual damages, including emotional distress, as a result of Defendants' violations of the FDCPA.

**SECOND CAUSE OF ACTION**
**(Violation of the Rosenthal Fair Debt Collection Act ("Rosenthal")**
**Civil Code §§ 1788 *et seq*. Against All Defendants)**

56.  Plaintiff incorporates all other paragraphs as though fully set forth herein.

57.  Each of the Defendants is a "debt collector" within the meaning of Civil Code § 1788.2(c).  The Loan allegedly owed by Plaintiff is a "debt" within the meaning of Civil Code § 1788.2(d).

58.  The debt collection practices of Defendants violated various provisions of Rosenthal, including to but not limited to Civil Code § 1788.17, which incorporates by

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          13

reference, and requires compliance with the provisions of the federal FDCPA set forth in the First Cause of Action above.

59.    Defendants also failed to properly validate the debt upon receiving a validation request from the Plaintiff.

60.    Plaintiff has suffered actual damages, including emotional distress, as a result of Defendants' violations of Rosenthal.

### THIRD CAUSE OF ACTION
### (Violations of the Consumers Legal Remedies Act ("CLRA")
### Civil Code § 1750, *et seq.* Against WebBank, Mosaic and Does 1-50)

61.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

62.    At all relevant times, Plaintiff was a "consumer" within the meaning of the CLRA, Civil Code § 1761(d). Defendants are companies and, as such, are "persons" as defined by Civil Code § 1761(c).

63.    The CLRA prohibits a variety of unfair and deceptive business practices in consumer transactions. Transactions intended to result in the sale or lease of goods or services or services to a consumer are covered by the CLRA. Since the transaction at issue resulted in the sale of services to a consumer, the transaction is covered by the CLRA.

64.    Defendants' conduct violated the CLRA, Civil Code § 1770, *et seq.*, including, but not limited to:

    a.  Passing off goods or services as those of another in violation of Civil Code § 1770(a)(1);

    b.  Misrepresenting the source, sponsorship, approval, or certification of goods or services, in violation of Civil Code § 1770(a)(2);

    c.  Misrepresenting the affiliation, connection, or association with, or certification by, another in violation of Civil Code § 1770(a)(3);

    d.  Representing that goods or services have sponsorship, approval,

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          14

characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5);

e. Representing that goods or services are of a particular standard, quality, or grade, in violation of Cal. Civ. Code § 1770(a)(7);

f. Representing and advertising goods or services with the intent to not sell it as advertised in violation of Civil Code § 1770(a)(9);

g. Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions, in violation of Civil Code § 1770(a)(13);

h. Representing that a transaction confers or involves rights and remedies which it does not have or involve, or are prohibited by law in violation of Civil Code § 1770(a)(14);

i. Misrepresenting the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction with a consumer, in violation of Civil Code § 1770(a)(18); and

j. Inserting an unconscionable provision in a contract, in violation of Civil Code § 1770(a)(19).

65. Defendants' unlawful conduct and business practices alleged herein present a continuing threat to Plaintiff and members of the public: on information and belief Defendants will persist and continue to engage in these practices and will not cease doing so unless and until forced to do so by this Court.

66. The acts and practices of Defendants are willful and intentional, and have harmed Plaintiff.

67. Plaintiff has satisfied all notice requirements under the CLRA. This Complaint shall serve as further notice of the statutory violations described herein. Defendants have failed and refused to offer Plaintiff adequate correction, repair, relief, or other remedy.

68.    Plaintiff seeks an injunction and any other relief the court deems proper pursuant to Civil Code § 1780(a).

69.    Plaintiff requests an award of attorneys' fees and costs pursuant to Civil Code § 1780(d).

### FOURTH CAUSE OF ACTION
**(Violations of the Elder Abuse and Dependent Adult Civil Protection Act
Welfare and Institutions Code §§ 15610.07 et seq. Against All Defendants)**

70.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

71.    At all relevant times, Plaintiff was an "elder" adult within the meaning of Welfare & Institutions Code § 15610.27 because she is over the age of 65.

72.    At all relevant times, Defendants actually knew or should have known that Plaintiff was an elder adult.

73.    Defendants engaged in financial elder abuse of Plaintiff by engaging in the following acts and practices:

   a.   Taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder for a wrongful use or with intent to defraud, or both;

   b.   Assisting in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder for a wrongful use or with intent to defraud, or both; and

   c.   Taking, secreting, appropriating, obtaining, or retaining or assisting in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder by undue influence.

74.    An entity can wrongfully take, secrete, appropriate, obtain, or retain real or personal property by depriving the elder of any property right, including by means of an agreement, regardless of whether the property is held directly or by a representative of an elder.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL            16

75.    Defendants' conduct constitutes elder financial abuse, because they knew or should have known that signing a low-income elder up for a loan without her knowledge or consent and continuing to demand payment from an elder in an effort to collect on a debt not lawfully owed would be harmful to her.

76.    Defendants, at all times, took undue advantage of Plaintiff by misrepresenting and concealing material facts.

77.    Defendants' violations of the Elder Abuse and Dependent Adult Civil Protection Act have harmed Plaintiff and caused her mental suffering. Plaintiff is entitled to actual damages, including emotional distress damages, under Welfare & Institutions Code § 15675.5 and any other remedies allowed by law.

78.    Plaintiff is entitled to treble damages pursuant to Civil Code § 3345.

79.    Plaintiff requests an award of attorneys' fees and costs pursuant to Welfare & Institutions Code § 15657.5. The above-described conduct of Defendants, and each of them, was willful.

80.    Defendants, and each of them, targeted elderly and vulnerable homeowners, violated California statutory requirements governing home improvement contracts and contractors, and acted in blatant disregard for the Plaintiff's rights and in disregard for their safety. Therefore, Defendants are guilty of recklessness, oppression, fraud or malice, and intending to cause injury to the Plaintiff. Plaintiff is therefore entitled to an award of punitive damages pursuant to Civil Code §§ 3294; 3333 and Welfare & Institutions Code § 15657.

**FIFTH CAUSE OF ACTION**
**(Violation of the Home Solicitation Sales Act ("HSSA")**
**Civil Code §§ 1689.5, *et seq*. Against Mosaic, WebBank and Does 1-50)**

81.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                    17

82.   The HSSA requires a cooling off period for home solicitation contracts, specifically providing an absolute right to cancel the contract within a certain number of days depending on the age of the solicited buyer.

83.   A home solicitation contract or offer is broadly defined as "any contract, whether single or multiple, or any offer which is subject to approval, for the sale, lease, or rental of goods or services or both, made at other than appropriate trade premises in an amount of twenty-five dollars ($25) or more, including any interest or service charges." Civil Code § 1689.5(a).

84.   The goal of the HSSA is to counteract the high-pressure sales tactics at play when someone is solicited at their home, rather than at a seller's place of business. The California Legislature has acknowledged that it is far easier for a buyer to simply walk out of a store if they do not wish to transact with the seller compared to when the seller actually is physically present in one's home, where the buyer cannot just walk away. This undue pressure is present even when the buyer initiated contact with the seller or invited the seller into their home.

85.   Financial services offered in connection with the sale of goods and services as defined by Civil Code § 1689.5 are subject to the HSSA. Here, any Loan was made away from any of Defendants' places of business, and the Loan was made in connection with the sale of goods and services, specifically home improvement products and work. The Loan is therefore subject to the HSSA.

86.   For seniors above the age of 65, the HSSA requires any home solicitation contract to include notice of the senior's five-day right to cancel the transaction. The written disclosure must include the verbatim statement provided in the statute and must be accompanied by a completely filled out form captioned "Notice of Cancellation" in duplicate that is easily detachable from the rest of the agreement and can be used to cancel the transaction. In addition to these writings, the seller must "inform the buyer orally of his or her right to cancel and the

requirement that cancellation be in writing, at the time the home solicitation contract or offer is executed." Civ. Code §§ 1689.6; 1689.7.

87.    When a seller and/or contract does not comply with these notice provisions, the buyer has a right to cancel the contract indefinitely until the seller fully complies with the HSSA. Civ. Code § 1689.7(g).

88.    Cancellation occurs when the buyer gives written notice of cancellation to the seller at the address listed in the agreement, and the cancellation is effective when it is placed in the mail with the postage prepaid. Civ. Code § 1689.6. The seller must return any payments made by the buyer within 10 days of cancellation, and the buyer must make any goods available to the seller for 20 days from the cancellation. If the seller fails to retrieve the goods within that timeframe, the buyer may keep the goods without further obligations.

89.    Defendants have failed to comply with the HSSA, because they never actually gave Plaintiff a copy of the Loan Agreement to review, including any cancellation disclosures therein. Further, the Loan Agreement's reference to the cancellation notice provides the incorrect right to cancel period and deadline, and the language fails to match the requisite statutory language. For instance, the Loan Agreement lists a three-day right to cancel when Plaintiff is entitled to the five-day right to cancel. Defendants also failed to give Plaintiff the oral disclosure of her right to cancel and failed to explain that she must provide any cancellation requests in writing.

90.    On or around February 7, 2025, Plaintiff mailed a Notice of Cancellation to Defendants WebBank and Mosaic and made any goods available for their retrieval. The Loan Agreement was cancelled under the HSSA as of that mailing.

91.    Defendants further violated the HSSA by refusing to comply with the lawful cancellation. Defendants have refused to acknowledge that Plaintiff does not owe them any

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL            19

amounts, refund any payments collected on the Loan, recall the account from any debt collections agencies, and request that the Loan be deleted from Plaintiff's credit reports.

92. Plaintiff has called this violation to the attention of Mosaic and WebBank on multiple occasions, but both have refused to respond.

93. Plaintiff requests a declaratory judgment adjudicating the dispute under the HSSA and holding that any contracts between Plaintiff and Defendants have been cancelled and are void.

94. Plaintiff is entitled to actual or nominal damages pursuant to Civil Code § 3360.

## SIXTH CAUSE OF ACTION
**(Violation of the California Consumer Credit Reporting Agencies Act California Civil Code § 1785.25(a) Against WebBank, Mosaic and Does 1-50)**

95. Plaintiff incorporates all other paragraphs as though fully set forth herein.

96. Defendants, either directly or through their agents, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more "consumer credit reporting agencies," as that term is defined by Cal. Civil Code section 1785.3(d).

97. Defendants are "persons" as defined by Cal. Civil Code section 1785.3(j).

98. California's Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

99. Plaintiff is informed and believes that Defendants reported, and continue to report inaccurate and/or incomplete information to national credit reporting agencies on a monthly basis, including failing to report that Plaintiff disputed the derogatory information that Defendants placed on her credit report.

100. Defendants had information such that it knew or should have known that the information it was reporting about Plaintiff to the national credit reporting agencies was inaccurate and incomplete, and thus Defendants violations were willful.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                    20

101.   Defendants' acts and omissions violated Civil Code § 1785.25(a) including, but not limited to the below:

102.   As a direct and proximate result of Defendants willful, negligent, and inaccurate and incomplete credit reporting, Plaintiff has suffered harm, as described above, including credit damage, including denial of credit.

103.   Plaintiff is entitled to recover actual damages, pursuant to Cal. Civil Code §1785.31 et seq.

104.   Plaintiff is entitled to attorney's fees and costs, pursuant to Cal. Civil Code section 1785.31.

105.   Plaintiff is entitled to punitive damages (to be determined by the trier of fact) and injunctive relief, pursuant to Cal. Civ. Code section 1785.31, as a result of Defendants' willful conduct. Defendants have reported derogatory information which they knew to be inaccurate or incomplete to at least two credit reporting agencies on a monthly basis since at least February 2025, and thus have violated the Act over 40 times. Pursuant to Cal. Civ. Code section 1785.31, Defendants are liable for punitive damages of not less than one hundred dollars nor more than five thousand dollars for *each* willful violation as the court deems proper.

106.   Pursuant to Cal. Civil Code §3345, Plaintiff is entitled to a trebling of up to three times the statutory penalties recoverable under Civil Code § 1785.31.

### SEVENTH CAUSE OF ACTION
**(Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681, *et seq*. Against WebBank, Mosaic and Does 1-50)**

107.   Plaintiff incorporates all other paragraphs as though fully set forth herein.

108.   Defendants, in the course of regular business, report information to consumer reporting agencies, as that term is defined by title 15 U.S.C. § 1681a(f).

109.   Defendants reported derogatory information to the credit reporting agencies, namely that Plaintiff was owed money on the loan was delinquent in payment.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                    21

110. Each of Plaintiff's disputes to the credit reporting agencies constitute disputes regarding the completeness and accuracy of Defendant's credit reporting concerning pursuant to section 1681i(a)(2) of Title 15 U.S. Code.

111. Plaintiff is informed and believes that Equifax, Trans Union, and Experian sent notice of each of Plaintiff's disputes to Defendants, pursuant to section 1681i(a)(2) of 15 U.S. Code. In addition, Plaintiff sent the disputes directly to Defendants.

112. Defendants were thereafter under a duty to conduct a reasonable investigation and to correct all inaccurate and misleading consumer credit information after receiving Plaintiff's disputes, pursuant to section 15 U.S.C. 1681s-2(b). See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002).

113. Instead of correcting the inaccurate and incomplete credit reporting, and conducting a reasonable investigation, Defendants willfully and negligently verified its derogatory information as accurate.

114. Plaintiff is informed that Defendants' investigation of Plaintiff's disputes regarding the account was unreasonable, in violation of 15 U.S.C. § 1681s-2(b).

115. Defendants knew or should have known that Plaintiff was not responsible for the account, or that it had been cancelled, and therefore it was erroneous to report her as liable and delinquent on this account.

116. Defendants should have corrected the credit reports, thus only providing accurate and complete information.

117. Defendants further violated 15 U.S.C. § 1681s-2(b) by failing to review all relevant information regarding the same (pursuant to section 1681i(a)(2), thus violating section 1681s-2(b)(1)(B);

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          22

118. Defendants further violated 15 U.S.C. § 1681s-2(b) by continuing the reporting to Plaintiff's credit file with Equifax, Trans Union and Experian without also including a notation that the

119. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered harm, as described above.

120. Defendants' conduct, action and inaction were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by a trier of fact, pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

121. Plaintiff is also entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

**EIGHTH CAUSE OF ACTION**
**(Violation of the Unfair Competition Law ("UCL")**
**Business and Professions Code § 17200, et seq. Against All Defendants)**

122. Plaintiff incorporates all other paragraphs as though fully set forth herein.

123. Business and Professions Code §§ 17200, et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice.

124. Defendants' conduct alleged herein constitutes unfair, unlawful, or fraudulent acts or practices within the meaning of Business and Professions Code sections 17200, et seq.

125. As a direct result of Defendants' unfair, unlawful, or fraudulent acts and practices, Plaintiff sustained injuries in fact and lost money or property.

126. As a direct and proximate result of Defendants' practices, Defendants have been unjustly enriched and should be ordered to make restitution to Plaintiff pursuant to Business and Professions Code §§ 17203 and 17204.

127.    Defendants' unlawful, unfair, and fraudulent business practices alleged herein present a continuing threat to Plaintiff and members of the public in that on information and belief Defendants persist and continue to engage in these practices and will not cease doing so unless and until forced to do so by this Court.

128.    Defendants have been and will continue to be unjustly enriched by their unfair, unlawful, or fraudulent acts and practices as alleged herein. In order to undo the unjust enrichment, and in order to prevent the unjust enrichment in the future, Plaintiff is entitled to restitution, and the general public is entitled to injunctive relief.

129.    Plaintiff requests an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

## NINTH CAUSE OF ACTION
### (Fraud Against WebBank, Mosaic and Does 1-50)

130.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

131.    Defendants made false and misleading representations to Plaintiff including, but not limited to:

  a.  Representing that they were offering a government-subsidized no-to-low cost home improvement program for low-income homeowners;

  b.  Representing that they were checking Plaintiff's eligibility for said program and found her to be eligible;

  c.  Concealing the existence and terms of the Loan Agreement;

  d.  Representing that Plaintiff was obligated on the Loan Agreement that she had not consented to;

132.    These representations were false and Defendants knew the representations were false or recklessly disregarded their truth. Defendants intentionally made these false and misleading representations to Plaintiff and concealed the truth from Plaintiff so that Plaintiff

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                24

would rely on the truth of the representations to her detriment and Plaintiff reasonably did so.

133. Plaintiff actually and justifiably relied on Defendants' false statements and misrepresentations. In reliance upon these false representations by Defendants, and due to the fraudulent concealment by Defendants, Plaintiff proceeded to act to her detriment.

134. Defendants had a legal obligation to disclose any purported loan documents and related documents containing material terms and conditions to Plaintiff but instead Defendant intentionally concealed and did not disclose the above documents to Plaintiff. Defendants fraudulently created a loan taken out in Ms. Drum's name without her knowledge or consent.

135. In sum, Defendants engaged in fraudulent predatory lending by soliciting Plaintiff for home improvements, lying about the costs and terms of the transaction, and concealing the existence of the Loan from Plaintiff.

136. The representations and intentional concealment by Defendants were material and were willful, malicious, wanton, intentional, and reckless.

137. As a direct and proximate result of said Defendants' fraudulent conduct and Plaintiff's reliance thereon, Plaintiff has been damaged and Defendants' representations were a substantial factor in causing harm to Plaintiff. Plaintiff has suffered actual damages, including mental anguish and emotional distress, as a result of Defendants' fraudulent conduct.

138. Plaintiff is further entitled to punitive damages under Civil Code § 3294 for the sake of example and by way of punishing the Defendants because each defendant authorized and/or ratified the wrongful conduct and/or was personally guilty of oppression, fraud, or malice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants and relief as follows:

a. Actual damages, including but not limited to, emotional distress damages;

b. General damages;

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          25

c. Punitive damages;

d. Statutory damages;

e. Nominal damages;

f. Civil penalties;

g. For trebling of up to three times the statutory penalties recoverable under Civil Code § 3345.

h. Restitution;

i. An order finding and declaration that no contracts exist between Plaintiff and Defendants or that any contracts between Plaintiff and Defendants have been cancelled and are void;

j. An order enjoining Defendants' future use of the above-described unlawful, unfair, deceptive, and fraudulent business practices;

k. Prejudgment interest;

l. Reasonable attorneys' fees, costs, and expenses;

m. For such additional or further relief as this Court deems just and proper.

DATED: June 2, 2026          CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY

HOUSING AND ECONOMIC RIGHTS ADVOCATES

By          _____
WILLIAM E. KENNEDY
NATASHA E. BLAZER
Attorneys for Plaintiff Vicki Drum

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          26

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Vicki Drum demands a trial by jury in this action.

DATED:   June 2, 2026          CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY

HOUSING AND ECONOMIC RIGHTS ADVOCATES

By   _____
WILLIAM E. KENNEDY
NATASHA E. BLAZER
Attorneys for Plaintiff Vicki Drum

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL          27

# EXHIBIT "2"



# Superior Court of California
## County of Kern

# Filings

- [Domestic Violence Filing](#)
- [Gun Violence Filing](#)

**26CUB01682**
Vicki Drum v. WebBank, et al
Bakersfield Metropolitan Justice

[Summary](#)    [Filings](#)    [Parties](#)    [Documents](#)    [Events](#)

[Case Transfer](#)

## Documents



### Documents

| Filed | Description | Filed By |
|---|---|---|
| | 26CUB01682 : Vicki Drum v. WebBank, et al | |
| 06/09/2026 | Summons Issued and Filed on First Amended Complaint **EFILED** | Plaintiff - Vicki Drum |
| 06/05/2026 | Notice - Rejection re: Summons on First Amended Complaint | Clerk |

| Filed | Description | Filed By |
|-------|-------------|----------|
| 06/03/2026 | Complaint - First Amended **EFILED** | Plaintiff - Vicki Drum |
| 05/19/2026 | Summons Issued and Filed **EFILED** | Plaintiff - Vicki Drum |
| 05/05/2026 | Civil Case Cover Sheet **EFILED** | Plaintiff - Vicki Drum |
| 04/30/2026 | Complaint **EFILED** | Plaintiff - Vicki Drum |
| 04/30/2026 | Notice - Rejection Summons & Civil Case Cover Sheet - Transaction #26KN00109573 - Please review as both law firms must be listed as they are listed on the complaint; for all future Civil filings, please use the correct address of the Civil Division: at 1215 Truxtun Avenue, | Clerk |
| 04/30/2026 | Notice - Assignment, Order to Show Cause CRC 3.110 and Case Management Conference | Clerk |

Copyright © Journal Technologies, USA. All rights reserved.

## CERTIFICATE OF SERVICE

### *Vicki Drum v. WebBank, et al.*

### Case No. 1:26-at-2876

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made.  I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On July 21, 2026, I served the document(s) entitled **DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S NOTICE OF REMOVAL**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

### SEE ATTACHED SERVICE LIST

☒ **(BY MAIL):**    I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on July 21, 2026, at Los Angeles, California.

*/s/ Gloria V. Valles*
Gloria Valles

## <u>SERVICE LIST</u>

William E. Kennedy, Esq.                    *Attorneys for Plaintiff*
CONSUMER LAW OFFICE OF                *VICKI DRUM*
WILLIAM E. KENNEDY
2797 Park Avenue, Suite 203
Santa Clara, CA  95050
Tel.:  (408) 241-1000
Fax:  (408) 241-1500
Email:  wkennedy@kennedyconsumerlaw.com


Natasha E. Blazer, Esq.                     *Attorneys for Plaintiff*
HOUSING AND ECONOMICS RIGHTS      *VICKI DRUM*
ADVOCATES
P. O. Box 29435
Oakland, CA  94604-9435
Tel:  (510) 271-8443
Fax:  (510) 868-4521
Email:  nblazer@heraca.org

2